MARVIN GAY v. WAKE COUNTY BOARD OF EDUCATION.

(Filed 3 May, 1961.)

APPEAL by plaintiff from *Williams, J.,* at December 1960 Special Civil Term of WAKE.

Proceeding before North Carolina Industrial Commission under Tort Claims Act, G.S. 143-291, *et seq,* heard before J. W. Bean, Chairman, and hearing commissioner, on claim of Marvin Gay for compensation for injury allegedly sustained in a collision of a school

bus owned by Wake County Board of Education, operated by Jimmy Marcom, and a Ford sedan driven by plaintiff at the intersection of the Apex and Cary roads.

The record on this appeal reveals that at hearing on 21 October 1958, upon stipulations and all the competent evidence, Chairman Bean, the hearing commissioner, made findings of fact and, thereon, conclusions of law, that the driver of the school bus, Jimmy Marcom, was negligent at the time complained of, and that the plaintiff was contributorily negligent.

And based thereupon, Chairman Bean, as such hearing commissioner aforesaid, ruled that an order issue denying the plaintiff damages, since the plaintiff was contributorily negligent at the time his automobile collided with the school bus at the Apex and Cary road intersection in Wake County, North Carolina, on 28 January, 1958.

And the record of case on appeal shows that thereafter the plaintiff, in apt time, appealed to the Full Commission. And following review by the Full Commission on 11 December 1958, the case was remanded for the taking of additional evidence, and the opinion of the hearing commissioner was vacated and set aside.

The case again came on for hearing before Chairman Bean at Raleigh on 24 February, 1959, and in a decision and order filed 4 March 1959, he denied the claim for the reasons therein stated. The plaintiff in apt time appealed to the Full Commission. The case came on for review before the Full Commission at Raleigh on 22 June 1959. Counsel for plaintiff filed specific allegations of error with the Full Commission. And the record of case on appeal shows that having carefully reviewed the record, together with plaintiff's exceptions and argument of counsel, the Commission was of opinion that the assignments of error are without substantial merit and should be overruled. The record shows that the Commission having reached the conclusion that the findings of fact of Chairman Bean are supported by competent evidence, and that his conclusions of law are without prejudicial error, adopted as its own the findings of fact, conclusions of law, and order of Chairman Bean, and affirmed in all respects the result reached.

Thereafter on 25 August 1959, plaintiff filed exceptions to the order of the Full Commission and appealed to Superior Court of Wake County.

The cause coming on to be heard and being heard upon such appeal, the court, being of opinion "after reviewing and carefully considering the certified copy of the record in the case and particularly the evidence produced at the hearing, and after argument of counsel for both plaintiff and defendant, that the findings of fact made by

the Industrial Commission are based upon competent evidence, and, therefore, should not be disturbed," ordered, adjudged and decreed that the decision and order of the Industrial Commission in said case be, and the same is hereby in all respects approved and confirmed, and the plaintiff is taxed with the cost in this court.

Plaintiff objects and excepts to the foregoing judgment, and the signing thereof and, in open court, gives notice of appeal to the Supreme Court, and assigns error.

*Bailey & Dixon for plaintiff appellant.*
*Mordecai, Mills & Parker for defendant appellee.*

PER CURIAM. Among the provisions of the statute pertaining to appeals in cases under the Tort Claims Act, G.S. 143-292, it is provided that either party may appeal from the decision of the Full Commission to the Superior Court of the county in which the claim arose; that such appeal shall be for errors of law only, and under the same terms and conditions as govern appeals in ordinary civil cases; and that the findings of fact of the Commission shall be conclusive if there is any competent evidence to support them.

Moreover, the statute further provides that either party may appeal from the decision of the Superior Court to Supreme Court as in ordinary civil actions.

In the light of these provisions of the statute the judgment from which appeal is taken is in accord with law and, hence, it is

Affirmed.